FILED
08 MAR -6 PM 4:02
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

Lisa M. Martens (#195824/martens@fr.com)
Andrew M. Abrams (#229698/abrams@fr.com)
FISH & RICHARDSON, P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-4735
Facsimile: (858) 678-5099

Attorneys for Plaintiffs
BUZZTIME ENTERTAINMENT, INC. and NTN BUZZTIME, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUZZTIME ENTERTAINMENT, INC. and NTN BUZZTIME, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ENDEMOL USA INC.,<br><br>Defendant. | '08 CV 0413 JAH LSP<br>Civil Case No.<br><br>**COMPLAINT FOR:**<br><br>1. Trademark Infringement - 15 U.S.C. § 1114(1)<br>2. Trademark Infringement, Unfair Competition, and False Designation of Origin - 15 U.S.C. § 1125(a)<br>3. Unfair Competition - Cal. Bus. & Prof. Code §§ 17200 *et seq.*<br>4. Common Law Trademark Infringement<br><br>**JURY TRIAL DEMANDED**<br><br>**FILE BY FAX** |

Plaintiffs Buzztime Entertainment, Inc. and NTN Buzztime, Inc. hereby state and allege as follows:

## NATURE OF THE ACTION

1. This action seeks permanent injunctive relief and damages against Defendant's willful infringement of Plaintiff's family of "BUZZ" trademarks including **BUZZTIME**, **BUZZKIDS**, **BUZZHEAD**, **SHARE THE BUZZ**, and **BUZZTIME PLAY ALONG TV**, ("Buzztime Marks") under the Lanham Trademark Act of 1946, as amended, Title 15, United States Code, § 1051 et seq. (the "Lanham Act"), and for unfair competition under California Business & Professions Code § 17200.

2. Buzztime Entertainment, Inc. and NTN Buzztime, Inc. (collectively, "Buzztime") are corporations organized under the laws of Delaware with a business address at 5966 La Place Court, Suite 100, Carlsbad, California 92008. Buzztime produces entertainment products, including its successful interactive trivia video games.

3. On information and belief, defendant Endemol USA Inc. ("Defendant") is a corporation organized under the laws of California with a business address at 9255 W. Sunset Blvd., Los Angeles, California 90069.

4. On information and belief, Defendant is currently promoting and producing an interactive trivia game show that will appear on the Internet under the mark BUZZED. Defendant has announced that it will present its program on the website *http://www.metacafe.com*.

5. On information and belief, like Buzztime's games, BUZZED is an interactive game which tests contestants' knowledge on various pop culture and general trivia topics in exchange for prizes.

6. Defendant's BUZZED mark is highly similar to and confusingly similar to the Buzztime Marks as they are used in the marketplace. Unless Defendant is enjoined from continuing to use marks confusingly similar to the Buzztime Marks to promote its goods and services, the Buzztime Marks will continue to be infringed, thereby destroying the goodwill that Buzztime has

developed in the Buzztime Marks over the years, to the detriment of Buzztime and the public.

**JURISDICTION AND VENUE**

7. This is a civil action arising under the Lanham Act, Title 15, United States Code, §§ 1051 *et seq*., and under the common and statutory laws of California. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), § 1338 (trademark and unfair competition), and § 1367 (supplemental jurisdiction).

8. Personal jurisdiction over the defendant is vested and venue is proper pursuant to 28 U.S.C. § 1391 in the United States District Court for the Southern District of California because a substantial part of the events giving rise to the claims herein occurred in this District, Defendant has promoted the infringing program to consumers in this District, and Defendant has utilized an interactive website to display and promote the BUZZED mark in this District. The claims alleged herein arise out of or are related to the defendant's forum-related activities and the exercise of jurisdiction herein is otherwise reasonable.

9. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§1391(b) and (c) as the claims arise in this District and Defendant, a corporation, is subject to personal jurisdiction in this District.

**BACKGROUND**

10. Since their introduction in 1985, Buzztime's video games have become extremely popular and widely recognized. Buzztime's trivia game shows, quizzes, trivia content and related competitions as well as multiplayer card games, and Play-Along Sports™ games have been played by millions of loyal players at home and in restaurants and sports bars via the Buzztime Network, which is viewed by the players on television screens.

11. Buzztime owns one of the world's largest databases of game show trivia, which includes questions, answers, clues and fun facts. Buzztime operates an interactive television network used to distribute real-time trivia game shows, live sports prediction games, multiplayer games, and synchronous viewer polling.

12. In connection with the success of its entertainment products, Buzztime has obtained a sizable share of the trivia video game market in the hospitality industry, primarily in restaurants and bars. Buzztime estimates that its games are played by over 13 million people each month.

13. Buzztime also offers its games to subscribers via satellite and cable television and over the internet. It also sells a home television game console version, including accessories such as additional wireless game controllers and trivia content cartridges, and hand-held versions of the **BUZZTIME** trivia video game in retail stores and via the Internet (www.target.com, www.amazon.com and more specifically: http://www.target.com/gp/search/601-6082325-7948920?field-keywords=Buzztime&url=index%3Dtarget&ref=sr_bx_1_1&x=6&y=5). In addition, Buzztime sells an assortment of **BUZZTIME** trivia card games in retail stores (including Target and Toys-R-Us), as well as selling **BUZZTIME** trivia books through its publisher.

14. The Buzztime Marks are recognized not only by Buzztime's direct customers (primarily restaurants and bars) and channel distributors (including major retail chains, national cable and satellite operators and the online entertainment industry), but also by the end-users of the trivia video games.

15. "Buzztime" was first used as a trade name on December 2, 1999. **BUZZTIME** was first used as a trademark in February, 2000.

16. Since its first use of the **BUZZTIME** trademark in February, 2000, Buzztime has continuously and extensively promoted and offered its interactive video products in interstate commerce in connection with the **BUZZTIME** mark.

17. On August 24, 1999, Buzztime filed a United States Trademark Application for the **BUZZTIME** mark for use in connection with "production of cable and network television programs featuring interactive games; distribution of cable and network television programs featuring interactive games for others; entertainment in the nature of interactive games played via interactive television and an interactive global computer network; entertainment services, namely, operating interactive games played via telephone and a global computer network" in International

Class 41. The **BUZZTIME** application matured to registration on June 12, 2001 (Reg. No. 2,460,367) and this registration became incontestable on June 12, 2007.

18. On February 10, 2005, Buzztime filed a United States Trademark Application for the **BUZZTIME** mark for use in connection with "equipment for playing a plug and play game, namely, video game machines for use with televisions, video game interactive remote control units, video game cartridges and interactive video game programs" in International Class 9; and for "card games" in International Class 28. The **BUZZTIME** application matured to registration on September 18, 2007 (Reg. No. 3,294,791).

19. Buzztime owns additional trademarks which are used in connection with interactive video games, including: **BUZZKIDS** (Reg. No. 2,908.923), **BUZZHEAD** (Reg. No. 2,961,762), **SHARE THE BUZZ** (Reg. No. 2,583,460) and **BUZZTIME PLAY ALONG TV** (Reg. No. 3,316,718). These trademarks constitute a family of "BUZZ" trademarks which Buzztime has used extensively in the interactive video game field and which are recognized by consumers and associated with Buzztime.

20. In the more than seven years that Buzztime has been continuously using the Buzztime Marks in interstate commerce, Buzztime has advertised and promoted its goods and services under the Buzztime Marks in a variety of media, including but not limited to its privately operated interactive network television (the Buzztime Network), general circulation and specialized print media, industry trade shows, satellite and the Internet. BUZZTIME has spent immeasurable time and resources developing, launching, and promoting the Buzztime Marks.

21. Buzztime's use of the Buzztime Marks has been exclusive and continuous since long prior to the date of Defendant's first use of the infringing BUZZED mark referenced herein.

**Defendant's Wrongful Conduct**

22. On information and belief, on or about January 29, 2008, Defendant issued a press release on the Metacafe Press website (*http://press.metacafe.com/?m=200801*) announcing a programming partnership with the Metacafe website (*http://www.metacafe.com*) to produce a new

online interactive game show called BUZZED. As described in the press release, the interactive series showcases "nightclub and bar patrons answering a series of trivia questions as they leave popular late-night hotspots throughout the country." "With questions ranging from pop culture to general trivia, contestants will be awarded a cash prize for every correct answer." *See* press release, attached hereto as **Exhibit A**.

23. On information and belief, Defendant had full knowledge of Buzztime's trade name and the Buzztime Marks before Defendant adopted and began using the infringing BUZZED mark.

24. On information and belief, Defendant intentionally chose the BUZZED mark for use in connection with its competing trivia game show to mislead consumers into believing that Defendant's business is somehow affiliated with Buzztime and Buzztime's products.

25. On information and belief, Defendant has adopted BUZZED as the name of its online interactive game show, which it is currently producing and promoting in various cities across the United States, including New York, Chicago, Miami, Boston, and San Francisco. *See* **Exhibit A.**

26. Buzztime has not consented to Defendant's use of the BUZZED mark for use in connection with its trivia game show, nor has Buzztime sponsored, endorsed or approved the services offered and promoted by Defendant.

27. On information and belief, Defendant has adopted and uses the BUZZED mark for the purposes of misleading and confusing the public about its association with Buzztime, and trading on the goodwill and reputation of Buzztime and the Buzztime Marks.

28. Defendant's first use of the BUZZED mark in connection with its goods and services occurred after Buzztime's first use of the Buzztime Marks in connection with its goods and services.

29. Defendant uses the BUZZED mark in connection with goods and services that are closely related to Buzztime's goods and services offered in connection with the Buzztime Marks.

30. Defendant's promotion and sales of its goods and services under the BUZZED mark

are directed to consumers of Buzztime's services and are conducted through the same channels of trade as are used by Buzztime to promote and sell its goods and services under the Buzztime Marks.

31. Defendant's use of the BUZZED mark and Defendant's actions described herein are likely to cause confusion, deception and/or mistake as to: (a) the source or origin of Defendant's services; and (b) whether Buzztime sponsors, endorses, or approves Defendant or its services or is otherwise affiliated with Defendant.

32. On information and belief, Defendant's use of the BUZZED mark and its actions described herein have been, and continue to be, deliberate, willful, and with blatant disregard of Buzztime's rights.

33. Defendant's continuing conduct constitutes an ongoing threat to the public and to Buzztime. Buzztime has sustained and will continue to sustain irreparable injury as a result of Defendant's conduct, which injury is not compensable solely by the award of monetary damages. Unless Defendant is restrained and enjoined from engaging in its infringing conduct, Buzztime will continue to suffer irreparable injury.

**FIRST CAUSE OF ACTION**
**(Trademark Infringement – 15 U.S.C. § 1114(1))**

34. Buzztime incorporates herein by reference each and every allegation in the preceding paragraphs.

35. Prior to Defendant's adoption and use of the BUZZED mark, Defendant had actual and/or constructive knowledge (pursuant to 15 U.S.C. § 1072) of Buzztime's ownership and registrations of the Buzztime Marks.

36. On information and belief, Defendant was aware of Buzztime's business and the Buzztime Marks prior to Defendant's adoption of the BUZZED mark in connection with its business.

37. On information and belief, Defendant deliberately and willfully used and is using the BUZZED mark in an attempt to trade on the goodwill and reputation established by Buzztime under

the Buzztime Marks and to create a false impression of association with Buzztime.

38. On information and belief, the goods and services offered and/or sold by Defendant under the BUZZED mark are moving and will continue to move through the same channels of trade, and are being offered and/or sold through the same channels of advertising and to the same consumer groups, as the goods and services that are offered and sold by Buzztime under the Buzztime Marks.

39. Buzztime has not consented to Defendant's use of the BUZZED mark.

40. Defendant's unauthorized use of the BUZZED mark falsely indicates to consumers that Defendant's goods and/or services are in some manner connected with, sponsored by, affiliated with, or related to Buzztime, and/or the products and services of Buzztime.

41. Defendant's unauthorized use of the BUZZED mark is also likely to cause consumers to be confused as to the source, nature and quality of the goods and/or services that Defendant is selling in connection with the BUZZED mark.

42. Defendant's unauthorized use of the BUZZED mark, as set forth herein, facilitates the acceptance of Defendant's goods and/or services throughout the marketplace, not based on the quality of the goods and services provided by Defendant, but on the association that the public is likely to make with Buzztime and the reputation and goodwill associated with Buzztime's goods and services.

43. Defendant's unauthorized use of the BUZZED mark deprives Buzztime of the ability to control the quality of the goods and services marketed under the BUZZED mark, and instead, places Buzztime's valuable reputation and goodwill into the hands of Defendant, over whom Buzztime has no control.

44. Defendant's conduct is likely to cause confusion or mistake, or to deceive consumers or potential consumers wishing to purchase Buzztime's products and services, and is also likely to confuse consumers as to an affiliation between Buzztime and Defendant.

45. The aforementioned acts of Defendant constitute federal trademark infringement in

violation of 15 U.S.C. § 1114.

46. The intentional and willful nature of Defendant's acts makes this an exceptional case under 15 U.S.C. § 1117(a).

47. Buzztime has been, is now, and will be irreparably harmed by Defendant's aforementioned acts of infringement, and unless enjoined by the Court, Defendant will continue to infringe upon the Buzztime Marks. There is no adequate remedy at law for the harm caused by the acts of infringement alleged herein.

**SECOND CAUSE OF ACTION**
**(Trademark Infringement, Unfair Competition, and False Designation of Origin – 15 U.S.C. § 1125(a))**

48. Buzztime incorporates herein by reference each and every allegation in the preceding paragraphs.

49. Buzztime is informed and believes that Defendant chose the BUZZED mark, and took the other actions alleged above, to cause confusion or mistake, or to deceive the public as to the origin, sponsorship, association or approval of the goods and services of Defendant, deliberately to pass off Defendant's goods and services as those of Buzztime, and/or to falsely imply an association with Buzztime.

50. Defendant's acts as alleged herein constitute, among other things, false designations of origin, false or misleading descriptions of fact, or false or misleading representations of fact which are likely to cause confusion or mistake, or to deceive the public as to the origin, sponsorship, association or approval of the goods and services of Defendant.

51. Defendant's conduct constitutes trademark infringement and unfair competition in violation of 15 U.S.C. § 1125(a).

52. Unless enjoined, Defendant will continue its infringing conduct.

53. As a direct and proximate result of Defendant's infringing conduct, Buzztime has suffered and will continue to suffer irreparable injury to its business reputation and goodwill for

which no adequate remedy exists at law, and has lost sales and profits in an amount not yet fully ascertained.

54. On information and belief, Defendant's conduct complained of herein is malicious, fraudulent, knowing, willful, and deliberate entitling Buzztime to an accounting of Defendant's profits, increased damages, and an award of its attorneys' fees and costs incurred in prosecuting this action under 15 U.S.C. § 1117.

**THIRD CAUSE OF ACTION**
**(Unfair Unlawful and Deceptive Business Practices - Cal. Bus. & Prof. Code § 17200 *et seq.*)**

55. Buzztime incorporates herein by reference each and every allegation in the preceding paragraphs.

56. Defendant's business practices alleged above are unfair and offend public policy as they were unlawful, unfair, unscrupulous, and substantially injurious to Buzztime and consumers.

57. The above acts by Defendant constitute unfair competition and unfair business practices in violation of the Section 17200 *et seq.* of the California Business & Professions Code, prohibiting unfair, unlawful and deceptive business acts.

58. Pursuant to California Business and Professions Code § 17203, Buzztime is entitled to enjoin these practices.

59. Without injunctive relief, Buzztime has no means by which to control Defendant's deceptive and confusing use and advertising of its marks. Buzztime is therefore entitled to injunctive relief prohibiting Defendant from continuing such acts of unfair competition, and appropriate restitution remedies, pursuant to California Business and Professions Code § 17203.

**FOURTH CAUSE OF ACTION**
**(Common Law Trademark Infringement)**

60. Buzztime incorporates herein by reference each and every allegation in the preceding paragraphs.

61. Defendant's unauthorized use of the BUZZED mark in interstate commerce and in

the State of California in connection with the promotion and sale of Defendant's goods and services constitutes a false designation of origin, a false and/or misleading description of fact, and/or a false or misleading representation of fact which constitutes an infringement of Buzztime's trademark rights in and to the Buzztime Marks, and is likely to cause, and upon information and belief has actually caused, confusion, and mistake, and/or deception as to the affiliation, connection or association of Defendant and Buzztime, and/or as to the origin, sponsorship, or approval of Defendant's goods by Buzztime.

62. Buzztime has been damaged and has suffered irreparable injury due to Defendant's acts and will continue to suffer irreparable injury unless Defendant's activities are enjoined.

63. Buzztime has suffered and will continue to suffer substantial damages by reason of Defendant's acts as alleged above and Buzztime is entitled to recover from Defendant the damages sustained as a result of Defendant's acts.

## PRAYER FOR RELIEF

WHEREFORE, in consideration of the foregoing, Buzztime respectfully requests that this Court enter an Order granting the following relief:

a) For judgment that the Buzztime Marks have been and continue to be infringed by Defendant;

b) Permanently enjoining Defendant and each of its agents, employees, servants, officers, directors, successors in interest, heirs, assigns and all persons, firms or corporations, acting by or under their authority, in active concert or privity or in participation with it, from using the BUZZED mark or any confusingly similar marks in any way or using any word, words, phrases, symbols, logos, or any combination of words or symbol that would create a likelihood of confusion, mistake, or deception therewith, including, without limitation, the BUZZED mark in connection with or in the marketing, offering, selling, disposing of, licensing, leasing, transferring, displaying, advertising, reproducing, developing, or

manufacturing of Defendant's business, services, and goods;

c) Permanently enjoining Defendant to recall from all its offices and all others, whether persons, firms, or corporations, acting by or under their authority, in active concert or privity or in participation with it, any material containing the BUZZED mark in any way and any word, words, phrases, symbols, logos, any combination of words or symbols that would create a likelihood of confusion, mistake and/or deception therewith, including, without limitation, the BUZZED mark in connection with or in the marketing, offering, selling, disposing of, licensing, leasing, transferring, displaying, advertising, reproducing, developing, or manufacturing of Defendant's business, goods and services;

d) Permanently enjoining Defendant, its officers, agents, employees, and all persons acting in concert with them, from infringing the Buzztime trade name, the Buzztime Marks, and/or engaging in further such unlawful acts and from reaping any additional commercial advantage from its misappropriation of the rights of Buzztime and all affiliated and related companies of Buzztime in these marks;

e) Requiring Defendant to destroy, at its sole and exclusive cost, all materials in its possession or under its control that contain infringements of the Buzztime trade name and/or the Buzztime Marks;

f) For all actual damages sustained by Buzztime as the result of Defendant's acts of infringement and/or, together with prejudgment interest, according to proof, pursuant to 15 U.S.C. § 1117;

g) For an accounting of the profits of Defendant resulting from its acts of infringement and/or pursuant to 15 U.S.C. § 1117;

h) For enhanced damages pursuant to 15 U.S.C. § 1117;

i) For an award of attorneys' fees pursuant to 15 U.S.C. § 1117 or as otherwise permitted by law;

j) Awarding to Buzztime punitive damages in an amount sufficient to deter and punish Defendant;

k) For Buzztime's costs of suit, including its reasonable litigation expenses, pursuant to 15 U.S.C. § 1117; and

l) Granting Buzztime such additional, other, or further relief as the Court deems proper and just.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand trial by jury on all issues so triable.

DATED: March 6, 2008

Respectfully submitted,

FISH & RICHARDSON P.C.

By: [signature]
Lisa M. Martens
Andrew M. Abrams

Attorneys for Plaintiffs
BUZZTIME ENTERTAINMENT, INC. and
NTN BUZZTIME, INC.

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 148480 - SH**

**March 06, 2008**
**16:02:54**

**Civ Fil Non-Pris**

USAO #.: 08CV0413
Judge..: JOHN A HOUSTON
Amount.: $350.00 CK
Check#.: BC0038493

**Total-> $350.00**

FROM: BUZZTIME ENTERTAINMENT INC V.
ENDEMOL USA INC

JS 44 (Rev 11/04)

FILE BY FAX

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED
08 MAR -6 PM 4:01
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
CP DEPUTY

**I. (a) PLAINTIFFS**
BUZZTIME ENTERTAINMENT, INC. and NTN BUZZTIME, INC.
(b) County of Residence of First Listed Plaintiff Carlsbad
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**
ENDEMOL USA INC.
County of Residence of First Listed Defendant Los Angeles
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

(c) Attorneys (Firm Name, Address, and Telephone Number)
Lisa M. Martens
Andrew M. Abrams
Fish & Richardson P.C. (Southern California)
12390 El Camino Real
San Diego, California 92130
(858) 678-5070

Attorneys (If Known)

'08 CV 0413 JAH LSP

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury-Med. Malpractice
☐ 365 Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth In Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☒ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS – Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/ Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

**V. ORIGIN** (PLACE "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
(Cite the U.S. Civil Statute under which you are filing. (**Do not cite jurisdictional statutes unless diversity.**)
Brief description of cause: Trademark infringement, and unfair competition, Title 15, U.S.C. 1114(1), 1125(a).

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
Demand: $
CHECK YES only if demanded in Complaint
JURY DEMAND ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See Instructions) JUDGE DOCKET NUMBER

DATE 3-5-08
SIGNATURE OF ATTORNEY OF RECORD
TYPE NAME OF ATTORNEY Lisa M. Martens

FOR OFFICE USE ONLY
RECEIPT # 148480 AMOUNT $350 APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

Sel 3/6/08

CR